# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| UNITED STATES § | |
| § | |
| v. § | No. 4:21-CR-253(22) |
| § | Judge Mazzant |
| OSARETIN EGHAGHE § | |
| § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Eghaghe's Opposed Motion to Sever and Opposed Waiver of a Jury Trial (Dkt. #858). Having considered the motion and the relevant pleadings, the Court finds Defendant Eghaghe's Opposed Motion to Sever and Opposed Waiver of a Jury Trial should be **DENIED.**

## BACKGROUND

The United States has brought charges against Osaretin Eghaghe ("Eghaghe") and others that they did knowingly and willfully combine, conspire, confederate, and agree to violate 18 U.S.C. § 1343 and 18 U.S.C. § 1956(h), for money laundering and wire fraud (Dkt. #862 at pp. 2–3, 12–13).

The United States claims that the defendants "not only coordinated how to receive money from victims, but also how to disguise, disburse, and launder that money once victims were defrauded" (Dkt. #862 ¶ 2). According to the United States:

> On or about April 23, 2019, in the Eastern District of Texas, [Eghaghe] and Ejiro Ohwovoriole met with others in the Eastern District of Texas to discuss the logistics of business email compromise schemes, percentage cuts, and account transfers. On or about July 16, Eghaghe requested bank account information to transfer funds obtained from an upcoming business email compromise scheme. In or around September 2019, when asked about the status of the fraudulent funds, Eghaghe responded that he acquired $301,000 from the victim company but that the transaction was blocked by the financial institution.

(Dkt. #862 ¶ 5(g)). Eghaghe waives his rights to a jury trial and requests that the Court sever him from this case (Dkt. #858). The United States opposes Eghaghe's motion and filed a response (Dkt. #956).

## LEGAL STANDARD

Federal Rule of Criminal Procedure 8(b) provides defendants may be tried together "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses . . . ." FED. R. CRIM. P. 8(b). "The propriety of joinder under Rule 8 is determined by the initial allegations of the indictment, which are accepted as true absent arguments of prosecutorial misconduct." *United States v. Harrelson*, 754 F.2d 1153, 1176 (5th Cir. 1985). "Whether the counts of an indictment fulfill the 'same series' requirement is determined by examining 'the relatedness of the facts underlying each offense.'" *Id*. at 1176 (quoting *United States v. Gentile*, 495 F.2d 626, 630 (5th Cir. 1974)). "[W]hen the facts underlying each offense are so closely connected that proof of such facts is necessary to establish each offense, joinder of defendants . . . is proper." *Id*. at 1176–77.

Federal Rule of Criminal Procedure 14(a) may be used to provide relief from prejudicial joinder:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

FED. R. CRIM. P. 14(a). "Severance is required only in cases of compelling prejudice." *United States v. Rice*, 607 F.3d 133, 142 (5th Cir. 2010) (citation and quotation omitted). Severance under Rule 14(a) is only appropriate "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or

innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). "Mutually antagonistic defenses are not prejudicial *per se*." *Id.* at 538.

## ANALYSIS

Eghaghe raises two issues in the present motion. First, he claims the United States improperly joined him to this case pursuant to Federal Rule of Criminal Procedure 8(b) (Dkt. #858 at p. 4). Second, he claims that the Court should sever from this case based on Federal Rule of Criminal Procedure 14(a) (Dkt. #858 at p. 5). Additionally, Eghaghe waives his right to a jury trial (Dkt. #858 at p. 1).

**I.     Misjoinder Has Not Occurred in Violation of Rule 8(b)**

Eghaghe argues that he is improperly joined in the present case. He claims that the United States did not properly define how the acts listed in the Second Superseding Indictment (Dkt. #862) were either the same act or same series of transactions (Dkt. #858 at p. 4). The United States did not make any response addressing this argument.

Importantly, the Second Superseding Indictment alleges that the defendants, including Eghaghe, "not only coordinated how to receive money from the victims, but also how to disguise, disburse, and launder that money once victims were defrauded" (Dkt. #862 ¶ 2). The United States maintains this allegation even though the defendants "used a multitude of fraudulent schemes to unlawfully obtain money from their victims" (Dkt. #862 ¶ 2).

Joinder in the context of conspiracy is appropriate where all transactions constitute part of a single criminal enterprise. *See United States v. Meridia*, 765 F.2d 1205, 1219 (5th Cir. 1985) ("joinder was proper in this case" because "[a]ll of the diverse transactions were part of a single criminal enterprise designed to produce illicit profits from the importation, manufacture, and

distribution of controlled substances"); *Gordon v. United States*, 438 F.2d 858, 878–79 (5th Cir. 1971) (finding joinder is permitted to try separate events together when the substantive offenses alleged in the indictment fall within the scope of the conspiracy); *United States v. Berganza Espinoza*, No. 4:19-cr-00228, 2021 WL 4941073, at *3 (E.D. Tex. Oct. 22, 2021) (finding that joinder under Rule 8(b) was appropriate because "[t]he initial allegations describe a conspiracy between Defendants that constitute parts of a single criminal enterprise—the Berganza family drug business").

The United States has alleged that each transaction listed in the Second Superseding Indictment constitutes part of a single criminal enterprise, where the enterprise's members "not only coordinated how to receive money from the victims, but also how to disguise, disburse, and launder that money once victims were defrauded" (Dkt. #862 ¶ 2). Therefore, the United States has sufficiently defined how the acts listed in the Second Superseding Indictment occurred in the same series of transactions.

## II.     Severance Is Not Warranted Under Rule 14(a)

Eghaghe argues that the Court should sever him from this case because Eghaghe will face prejudice due to his entrapment defense. Eghaghe claims he will face prejudice at trial because he is subject to "pure entrapment by the FBI" and he is going to trial with various "other Nigerians who have possibly been legitimately charged with different fraudulent actions" (Dkt. #858 at p. 5). Additionally, Eghaghe claims that he faces prejudice because many defendants are being tried together in a complex case with markedly different degrees of culpability (Dkt. #858 at p. 5).

In response, the United States argues that a defendant's reliance on an entrapment defense is not sufficient to justify severance (Dkt. #956 at pp. 3–4). Further, the United States claims that

Eghaghe's claimed lesser culpability compared to his co-defendants is not a basis for severance (Dkt. #956 at p. 5).

A defendant's mere reliance on a theory of entrapment alone cannot justify severance. *United States v. Salomon*, 609 F.2d 1172, 1175 (5th Cir. 1980). Even if Eghaghe's entrapment defense is mutually antagonistic with his co-defendants' defenses, that reason would be insufficient to warrant severance. *See Zafiro*, 506 U.S. at 538. Severance would only be appropriate if a "serious risk [existed] that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id*. at 539. Eghaghe neither claims nor provides evidence that such a risk exists. Therefore, severance is not appropriate based on Eghaghe's entrapment defense.

"[To justify severance,] it [is not] sufficient for a defendant to allege they were less involved than other defendants." *United States v. Perry*, 35 F.4th 293, 343 (5th Cir. 2022), *cert. denied sub nom.*, *e.g.*, 143 S. Ct. 463 (2022) (Mem.). Therefore, Eghaghe's claim that he will experience prejudice because he has a "markedly different degree of culpability" than his co-defendants is without merit. Therefore, this basis cannot justify severance.

A court may provide limiting instructions to limit instances of prejudice that a defendant may experience. *United States v. Ledzema-Cepeda*, 894 F. 3d 686, 690 (5th Cir. 2018). "[I]t is 'generally presumed that juries follow the instructions given to them by the district court' and are capable of 'compartmentalizing the evidence against each defendant.'" *Id*. (internal citations omitted). Therefore, the defendant bears the burden of identifying specific instances of prejudice that limiting instructions would not remedy. *Id*. Even if Eghaghe would experience prejudice, he

5

has not shown that limiting instructions would not remedy said prejudice. For the reasons discussed above, severance is not warranted.

### III. Effect of Waiver of Right to Jury Trial

"If the defendant is entitled to a jury trial, the trial must be by jury unless: (1) the defendant waives a jury trial in writing; (2) the government consents; and (3) the court approves." Fed. R. Crim. P. 23(a). The government has not consented to a bench trial for Eghaghe (Dkt. #956 at pp. 5–6). Therefore, Eghaghe will still receive a trial by jury.

## CONCLUSION

It is therefore **ORDERED** that Defendant Eghaghe's Opposed Motion to Sever and Opposed Waiver of a Jury Trial (Dkt. #858) is hereby **DENIED.**

**IT IS SO ORDERED.**

**SIGNED this 24th day of January, 2024.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE