# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES § § | |
| v. § § | No. 4:21-CR-253(22) |
| § | Judge Mazzant |
| OSARETIN EGHAGHE § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Eghaghe's Motion to Compel Discovery and Objection to Second Superseding Indictment (Dkt. #898). Having considered the motion and the relevant pleadings, the Court finds that Defendant Eghaghe's Motion to Compel Discovery and Objection to Second Superseding Indictment should be **DENIED.**

## BACKGROUND

The United States has brought charges against Osaretin Eghaghe ("Eghaghe") and others that they did knowingly and willfully combine, conspire, confederate, and agree to violate 18 U.S.C. § 1343 and 18 U.S.C. § 1956(h), for money laundering and wire fraud (Dkt. #862 at pp. 2–3, 12–13).

The United States claims that the defendants "not only coordinated how to receive money from victims, but also how to disguise, disburse, and launder that money once victims were defrauded" (Dkt. #862 ¶ 2). According to the United States:

> On or about April 23, 2019, in the Eastern District of Texas, [Eghaghe] and Ejiro Ohwovoriole met with others in the Eastern District of Texas to discuss the logistics of business email compromise schemes, percentage cuts, and account transfers. On or about July 16, Eghaghe requested bank account information to transfer funds obtained from an upcoming business email compromise scheme. In or around September 2019, when asked about the status of the fraudulent funds, Eghaghe responded that he acquired $301,000 from the victim company but that the transaction was blocked by the financial institution.

(Dkt. #862 ¶ 5(g)). Eghaghe requests that the Court order the United States to "turn over all communications with [] Eghaghe, as well as mitigating or exculpatory evidence" (Dkt. #898 at pp. 1–2). Further, Eghaghe objects to the Second Superseding Indictment (Dkt. #862) on the ground that it violated 18 U.S.C. § 3161 because it did not provide the proper 30-day trial preparation period (Dkt. #898 at pp. 2–3). The United States opposes Eghaghe's motion and filed a response (Dkt. #976).

## LEGAL STANDARD

"There is no general constitutional right to discovery in a criminal case . . . ." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977); *accord United States v. Barrentine*, 591 F.2d 1069, 1077 (5th Cir. 1979). "Rather, discovery in criminal cases is narrowly limited and is largely governed by the Federal Rules of Criminal Procedure." *United States v. Ware*, No. 9:18-CR-43, 2019 WL 2268959, at *1 (E.D. Tex. May 24, 2019) (citing *United States v. Fischel*, 686 F.2d 1082, 1090 (5th Cir. 1982)). Rule 16 is a discovery tool that protects defendants by requiring the prosecution to disclose certain evidence. *Yates v. United States*, 574 U.S. 528, 539 (2015); *see* FED. R. CRIM. P. 16. Specifically, Rule 16(a)(1)(E) requires the disclosure of documents and other tangible items "within the government's possession, custody, or control" that (i) are material to preparing the defense, (ii) the government intends to use in its case-in-chief at trial, or (iii) were obtained from or belong to the defendant. FED. R. CRIM. P. 16(a)(1)(E).

To obtain discovery under Rule 16, "it is incumbent upon a defendant to make a prima facie showing of materiality." *United States v. Pawlak*, No. 3:16-CR-306-D(1), 2017 WL 2362019, at *3 (N.D. Tex. May 30, 2017) (quoting *United States v. Buckley*, 586 F.2d 498, 506 (5th Cir. 1978)). "Materiality . . . requires 'some indication that the pretrial disclosure of the disputed evidence

would have enabled the defendant significantly to alter the quantum of proof in his favor.'" *United States v. Reeves*, 892 F.2d 1223, 1226 (5th Cir. 1990) (quoting *United States v. Ross*, 511 F.2d 757, 763 (5th Cir. 1975)).

In addition to Rule 16 obligations, "[u]nder *Brady* and its progeny, due process requires that the prosecution disclose evidence that is both favorable to the defendant and material to guilt or punishment." *Floyd v. Vannoy*, 894 F.3d 143, 161 (5th Cir. 2019) (citing *Brady v. Maryland*, 373 U.S. 83, 87 (1963)). As stated by the Fifth Circuit, "*Brady* is not a discovery rule, but a rule of fairness and minimum prosecutorial obligations." *United States v. Beasley*, 576 F.2d 626, 630 (5th Cir. 1978) (citing *United States v. Agurs*, 427 U.S. 97, 107 (1976)). Thus, "[t]he duty to disclose 'exists irrespective of a request from the defense' and applies to 'all evidence known not just to the prosecutors, but to others acting on the government's behalf in the case, including the police.'" *United States v. George*, No. 17-201, 2019 WL 4982324, at *1 (E.D. La. Oct. 8, 2019) (quoting *Floyd*, 894 F.3d at 161–62).

"To establish a *Brady* violation, a defendant must show: (1) the evidence at issue was favorable to the accused, either because it was exculpatory or impeaching; (2) the evidence was suppressed by the prosecution; and (3) the evidence was material." *United States v. Dvorin*, 817 F.3d 438, 450 (5th Cir. 2016) (citations omitted). For the purpose of a *Brady* analysis, "[e]vidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Cessa*, 861 F.3d 121, 128 (5th Cir. 2017) (quoting *Dvorin*, 817 F.3d at 451); *see also Strickler v. Greene*, 527 U.S. 263, 280 (1999).

3

## ANALYSIS

Eghaghe raises two issues in the present motion. First, he complains about the United States sending multiple terabytes of data and the United States not sending the communications between Eghaghe and a government agent named Toby (Dkt. #898 at p. 1–2). Second, he claims that the United States did not timely file the Second Superseding Indictment (Dkt. #898 at pp. 2–3). The Court addresses each issue in turn.

**I.     The Court Will Not Order the United States to Produce the Requested Documents**

Eghaghe requests that the Court order the United States to "turn over all communications with [] Eghaghe, as well as mitigating or exculpatory evidence, in accordance with the State Bar Disciplinary Rules" (Dkt. #898 at p. 2). He notes that the United States has produced approximately 5.6 terabytes of data in its disclosures (Dkt. #898 at p. 1). He claims that "[t]his discovery is unmanageable as presented and is typical of a case where the Government wants to hide the needle in a rather large hay stack." (Dkt. #898 at p. 1). Additionally, Eghaghe argues that "Counsel is entitled to all communications in the Government's possession involving [] Eghaghe" (Dkt. #898 at p. 2). "If it has been provided in the 4.1TB, counsel has been denied assistance in finding it and it is unrealistic to expect a firm of 20 lawyers to find it in 4.1TB much less solo practitioners" (Dkt. #898 at p. 2).

In response, the United States claims that it has produced "copies of the communications between and among Eghaghe, a cooperating witness and an agent" (Dkt. #976 at p. 3). "[O]n October, 24, 2023, Eghaghe's counsel and the undersigned met along with one of the lead FBI agents and reviewed the evidence" (Dkt. #967 at p. 2). "Eghaghe's counsel reviewed a notebook containing communications between and among Eghaghe, a cooperating witness and an agent"

4

(Dkt. #967 at p. 2). The United States did not release an audio of the conversation (assumedly between and among Eghaghe, the cooperating witness, and an agent) "to protect the voice identity and confidentiality of witness(es)" (Dkt. #967 at p. 2). However, "the United States has made the audio available to counsel and a transcript is being prepared and will be provided to counsel when it is available" (Dkt. #967 at pp. 2–3).

As of the time of the United States' response, the Court finds that the United States produced most of the requested material and was in the process of producing the remainder. Therefore, the Court denies Eghaghe's request for the Court to compel production.

## II.     The Court Denies Eghaghe's Objections to the Second Superseding Indictment

Eghaghe objected to the Second Superseding Indictment because insufficient time would have passed between the filing of the superseding indictment and the date of trial pursuant to 18 U.S.C. § 3161 (Dkt. #898 at pp. 2–3). "Unless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed pro se." 18 U.S.C. § 3161(c)(2). The statute "clearly fixes the beginning point for the trial preparation period as the first appearance through counsel." *United States v. Rojas–Contreras*, 474 U.S. 231, 234 (1985). "It does not refer to the date of the indictment, much less to the date of any superseding indictment." *Id*. "Given this unambiguous language, we have no choice but to conclude that Congress did not intend that the 30-day trial preparation period begin to run from the date of filing of a superseding indictment." *Id*.

The Court denies Eghaghe's request based upon the Supreme Court of the United States' reasoning alone. *See id*. The filing of the Second Superseding Indictment did not restart the 30-day trial preparation period. *See id*. Rather, the 30-day trial preparation period began on September 23,

5

2021, when Eghaghe first appeared through counsel (*See* Dkt. #107). Regardless, over 30 days have passed between the filing of the Second Superseding Indictment (October 11, 2023) and the current trial date of February 26, 2024 (*See* Dkt. #862; Dkt. #1087). For the above reasons, the Court denies Eghaghe's request.

## CONCLUSION

It is therefore **ORDERED** that Defendant Eghaghe's Motion to Compel Discovery and Objection to Second Superseding Indictment (Dkt. #898) is hereby **DENIED.**

**IT IS SO ORDERED.**

SIGNED this 23rd day of February, 2024.

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE